Filed 7/19/16  P. v. Varela CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E064931 |
| v. | (Super.Ct.No. RIF1315142) |
| JOSE LUIS DIAZ VARELA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Thomas Kelly, Judge. (Retired judge of the Santa Cruz Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Pursuant to a negotiated plea agreement, defendant and appellant Jose Luis Diaz Varela pleaded guilty to second degree murder (Pen. Code, § 187, subd. (a); count 1);

child endangerment (Pen. Code, § 273a, subd. (a); count 2); driving with a suspended license (Veh. Code, § 14601.2, subd. (a); count 3); and driving without auto insurance (Veh. Code, § 16020, subd. (a); count 4). In return, defendant was sentenced to a total term of 15 years to life with the agreement the People would not oppose a grant of parole upon defendant's first eligibility provided he does not violate any law while in custody. Defendant appeals from the judgment. We find no error and affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND[1]

On November 30, 2013, at approximately 9:47 p.m., California Highway Patrol Officer Morgan Peel arrived at a traffic collision occurring on I-215 in Riverside County. Upon arrival, Officer Peel saw a blue Chevy Silverado truck overturned in the dirt area on the right shoulder and the fire department and emergency technicians tending to a male and female. Officer Peel was informed that a third person, a seven-week-old infant boy, had already been taken to the hospital. The infant subsequently died from blunt force trauma sustained in the accident.

Officer Peel attempted to question the male, identified as defendant, but he was uncooperative and refused to answer any questions. Defendant's eyes were watery and bloodshot, his speech was slightly slurred, and his breath smelled of alcohol. A preliminary alcohol screening showed defendant's blood alcohol level was 0.088 percent. Defendant had a suspended license and no proof of auto insurance.

_____

[1] The factual background is taken from the preliminary hearing.

2

Officer Peel also made contact with the female, identified as defendant's wife Stephanie Avila, at the hospital. Avila stated that defendant was driving; that they were coming from a family gathering where defendant had consumed three beers; and that defendant was angry because they had to leave the party early. Avila further reported that right before the accident, defendant was driving at a "very aggressive speed" and making "aggressive maneuvers on the freeway." The infant was in the car seat in the backseat of the vehicle but was not buckled into the car seat. Additionally, the infant car seat was not fastened to the vehicle in any way.

Following a preliminary hearing, on May 22, 2014, an information was filed charging defendant with murder (Pen. Code, § 187, subd. (a); count 1); child endangerment likely to produce great bodily harm and death (Pen. Code, § 273a, subd. (a); count 2); driving with a suspended license (Veh. Code, § 14601.2, subd. (a); count 3); and driving without auto insurance (Veh. Code, § 16020, subd. (a); count 4). A petition to revoke defendant's probation in another matter was also filed.

On July 13, 2015, defendant entered into a negotiated plea. He pleaded guilty to all the charges in exchange for a stipulated term of 15 years to life, the People's promise they would not oppose a grant of parole upon defendant's first eligibility provided defendant does not violate any law while in custody, and dismissal of any pending probation violation cases. After directly examining defendant, the trial court found that defendant understood the nature of the charges and the consequences of the plea; that the

plea was entered into voluntarily, knowingly, and intelligently; and that there was a factual basis for the plea.

On November 10, 2015, defendant was sentenced in accordance with his plea agreement and awarded 707 days presentence credit for time served.

On December 3, 2015, defendant filed a notice of appeal and request for certificate of probable cause, challenging the validity of the plea claiming he was coerced into taking the plea deal and his counsel was ineffective. On December 4, 2015, the trial court denied defendant's request for certificate of probable cause, noting the plea was carefully taken.

On December 11, 2015, defendant filed an amended notice of appeal based on the sentence or other matters occurring after the plea.

II

DISCUSSION

After defendant appealed, upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


McKINSTER
J.


MILLER
J.

5